J. Andrew Coombs (SBN 123881)
Annie S. Wang (SBN 243027)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile:  (818) 500-3201

andy@coombspc.com
annie@coombspc.com

Attorneys for Plaintiff,
Nike, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nike, Inc.<br><br>              Plaintiff,<br><br>   v.<br><br>Sean Andre Wofford, an individual and d/b/a Geared Up and Geared Up for Her and Does 1 through 10, inclusive,<br><br>              Defendants. | CV No. 07 5606<br><br>Complaint for: Trademark Infringement; Trademark Dilution; Unfair Competition; and State Law Unfair Competition |

Plaintiff Nike, Inc. ("Nike") alleges as follows:

**I. Jurisdiction and Venue**

1.    This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**II. Intra-District Assignment**

2.    Pursuant to Civ. L-R 3.2(c) Plaintiff alleges that this is an intellectual property action. Plaintiff is informed and believes that the Defendant resides in Santa Clara County.

///

///

## III. Introduction

1. This action has been filed by Nike to combat the willful sale of unlicensed and counterfeit products, specifically including its core product of sports shoes, bearing Nike's exclusive trademarks. Defendants in this action are sellers of counterfeit Nike branded shoes through a series of retail outlets located in the greater San Jose area. Through such active importation, purchasing, distributing, offering of sale and selling such unlicensed and counterfeit footwear, Nike is irreparably damaged through consumer confusion, dilution and tarnishment of its valuable trademarks.

2. Nike seeks a permanent injunction, damages, costs and attorney's fees as authorized by the Lanham Act and California law.

## IV. The Parties

3. Nike is a corporation duly organized and existing under the laws of the State of Oregon having its principal place of business in Beaverton, Oregon.

4. Nike is informed and believes, and based thereon alleges, that defendant Sean Andre Wofford ("Wofford") is an individual resident in the City of San Jose, California. Nike is further informed and believes that Wofford does business as Geared Up and Geared Up for Her in the City of San Jose, California. Nike is further informed and believes and based thereon alleges that defendant Wofford had the right and ability to supervise or control the infringing activity alleged herein and that he had a direct financial interest in such activity. In addition or alternatively defendant Wofford had knowledge or reason to know of the infringing activity and took actions which contributed to such activity.

5. Nike is informed and believes, and upon that basis alleges, that defendants John Does 1-10 are entities or individuals who are residents in this judicial district and are subject to the jurisdiction of this Court. Nike is informed and believes, and upon that basis alleges, that Does 1 –

10 are entities or individuals who are manufacturing, distributing, importing, displaying, advertising, promoting, selling and/or offering for sale, merchandise in this judicial district which infringes the Nike Trademarks. The identities of the various Does are unknown to Nike at this time. Upon information and belief, said fictitiously named defendants are liable to Nike on the basis of the same allegations made herein against the named defendants. Nike will seek leave to amend this Complaint to insert the true names and capacities when the same are ascertained. The Doe defendants and Wofford are collectively referred to herein as "Defendants".

## V. FACTUAL BACKGROUND

6. Nike is engaged in the manufacture, design and sale of footwear, apparel, and related accessories. Products manufactured and sold by Nike bear the NIKE trademark, or an arbitrary and distinctive trademark which has come to be known as the Swoosh Design trademark, or a composite trademark consisting of the word NIKE and the Swoosh Design. Nike uses these trademarks on shoes and apparel as trademarks of Nike's high quality products. Nike sells in excess of $4,500,000,000 a year in merchandise bearing its distinctive trademarks.

7. All products described above are sold with one or more of the Nike trademarks alleged in paragraph 8. Nike adopted and used the NIKE and Swoosh Design trademarks in 1971. Nike registered the NIKE trademark in block letters on May 8, 1984, Registration No. 1,277,066 in Class 25 for apparel. Nike registered the Swoosh Design on July 3, 1984, Registration No. 1,284,385 for apparel in Class 25. Nike registered the composite mark of Nike and the Swoosh Design trademark on May 10, 1983, for apparel in Class 25.

8. Additionally, Nike obtained registrations for footwear in International Class 25 for word marks incorporating the word "air", including AIR JORDAN, AIR MAX and AIR TRAINER as well as a variety of devices, including but not limited to the silhouette of a man jumping in mid-air (the "Jump Man device"). These are some, but by no means all, of Nike's federal trademark

registrations. Each of The Nike Trademarks have been registered with the United States Patent and Trademark Office pursuant to the Lanham Act (15 U.S.C. § 1051). A list of some of Nike's federal trademark registrations for footwear is attached hereto as Exhibit "A". (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks.") All of the Nike Trademarks are current and in full force and effect. Many of the marks have become incontestable pursuant to 15 U.S.C. § 1065. Additionally, all of the Nike Trademarks qualify as famous marks pursuant to 15 U.S.C. § 1125.

9. The Nike Trademarks are distinctive when applied to the high quality apparel, footwear and related merchandise signify to the purchaser that the products come from Nike and are manufactured to the highest quality standard. Whether Nike manufactures the products itself, or licenses others to do it, Nike has insured that products bearing its trademarks are manufactured to such standard. Nike's products have been widely accepted by the public and are enormously popular, as demonstrated by billions of dollars in sales each year.

10. This enormous popularity is not without cost, as evidenced by the increasing number of counterfeiters in the United States and around the world. Indeed, it is a modern irony that companies measure success by the extent of their counterfeiting problem.

## VI. DEFENDANTS' UNLAWFUL CONDUCT

11. Defendants are involved in the manufacture, purchase, distribution, offering for sale and/or sale of counterfeit and/or infringing footwear bearing the Nike Trademarks to the general public. Defendants do through so through the retail outlet owned controlled and/or managed by them located in the city of San Jose in the County of Santa Clara. Nike is informed and believes that the defendants persist in their unlawful sale of counterfeit merchandise infringing the Nike Trademarks despite prior notice to them in the form of cease and desist letters served upon them or their employees.

# FIRST CLAIM FOR RELIEF

### (Trademark Infringement)

12. Nike hereby repeats and alleges the allegations set forth in paragraphs 1 through 11 above, as if set forth fully herein.

13. Nike's claim arises under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for infringement of registered and unregistered marks.

14. Nike owns the exclusive trademark rights to those trademarks listed on Exhibit "A". All of the trademark registrations are in full force and effect. In many instances the trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

15. All advertising and products, including apparel, footwear, watches, jewelry and related merchandise, which have been sold by Nike, or under its authority, have been manufactured and distributed in conformity with the provisions of the United States trademark law.

16. Notwithstanding Nike's well known and prior common law and statutory rights in the Nike Trademarks, Defendants have, with actual and constructive notice of Nike's federal registration rights, and long after Nike established its rights in the Nike Trademarks, adopted and used the Nike Trademarks in conjunction with the manufacture, purchase, distribution, offer of sale and sale of footwear in the State of California and in interstate commerce.

17. Defendants have caused to be imported, distributed, offered for sale and sold footwear bearing one or more of the Nike Trademarks without the authorization of Nike. Defendants' manufacture, purchase, distribution, offer for sale and sale of footwear and related merchandise bearing the Nike Trademarks in California, and in interstate commerce has and is likely to cause confusion, deception and mistake or to deceive as to the source and origin of the footwear and related merchandise in that the buying public will conclude that the products sold by Defendants are authorized, sponsored, approved or associated with Nike.

18. Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing footwear and other merchandise.

19. Upon information and belief, Defendants' activities have also caused actual confusion with consumers as to the source and origin of such footwear and other merchandise.

20. Defendants' infringing activities will cause irreparable injury to Nike if Defendants is not restrained by the Court from further violation of Nike's rights, as Nike has no adequate remedy at law.

21. Nike has suffered damages as a result of the aforesaid acts. Defendants has profited from its unlawful activities. Unless Defendants' conduct is enjoined, Nike and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, Nike seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

22. Defendants' use in commerce of The Nike Trademarks in the sale of footwear and related merchandise is an infringement of Nike's registered trademarks in violation of 15 U.S.C. §§ 1114(1) and 1125.

23. Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Nike and its business. Accordingly, Nike is entitled to a judgment of three times its damages and Defendants' profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

24. In order to determine the full extent of such damages, including such profits, Nike will require an accounting from each defendant of all monies generated from the manufacture, importation, distribution and/or sale of the infringing footwear as alleged herein.

25. The unlicensed footwear bearing the Nike Trademarks, which was sold, distributed and offered for sale by Defendants constitutes counterfeit products pursuant to 15 U.S.C. § 1116(d).

## SECOND CLAIM FOR RELIEF

### (Lanham Act - Unfair Competition)

26. Nike hereby repeats and realleges the allegations set forth in paragraphs 1 through 25 above, as if set forth fully herein.

27. Nike's claim arises under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (d) for false designation of origin and false descriptions and representations in interstate commerce.

28. As a direct result of Nike's longstanding use, sales, advertising and marketing, the Nike Trademarks have acquired secondary and distinctive meaning among the public who have come to identify the Nike Trademarks with Nike and its products.

29. The unauthorized and counterfeit footwear and related merchandise which has been manufactured, purchased, distributed, offered for sale and sold by Defendants, duplicates and appropriates the Nike Trademarks in order to delude and confuse the public into believing that such footwear and related merchandise are authorized, sponsored, approved or associated with Nike.

30. Defendants, by misappropriating and using the likenesses of the Nike Trademarks in connection with the sale of such products, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products. Defendants has caused such products to enter into interstate commerce willfully, with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from Nike.

31.   Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing footwear and other merchandise.

32.   Defendants' use in commerce of the Nike Trademarks in the sale of footwear and related merchandise is an infringement of Nike's registered trademarks in violation of 15 U.S.C. § 1125.

33.   Defendants have profited from their unlawful activities. Unless Defendants' conduct is enjoined, Nike and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, Nike seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

34.   Nike has suffered monetary damages as a result of Defendants' acts. In order to determine the full extent of such damages, including such profits as may be recoverable; Nike will require an accounting from Defendants of all monies generated from the manufacture, importation, distribution and/or sale of the infringing footwear as alleged herein.

35.   Accordingly, Nike is entitled to a judgment of three times its damages and Defendants' profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

(Lanham Act - Dilution of Famous Mark)

36.   Nike hereby repeats and realleges the allegations set forth in paragraphs 1 through 35, above, as if set forth fully herein.

37.   Nike's claim arises under Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

38.   As a result of Nike's continuous promotion of its products in conjunction with the Nike Trademarks, the Nike Trademarks have become recognized as distinctive and famous trademarks.

39. Defendants' use in commerce of the Nike Trademarks began after the Nike Trademarks had become famous and has caused dilution of the distinctive quality of the marks. Such conduct has caused injury to Nike pursuant to 15 U.S.C. § 1125(c).

40. Such dilution has occurred as a direct result of Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing footwear and other merchandise.

41. Defendants willfully intended to trade on Nike's reputation and/or to cause dilution of the famous trademarks. Accordingly, Nike is entitled to recover its damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

42. Unless Defendants' conduct is enjoined, Nike and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, Nike seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c) (1).

## FOURTH CLAIM FOR RELIEF

### (For Unfair Competition – California Law)

43. Nike hereby repeats and realleges the allegations set forth in paragraphs 1 through 42, above, as if set forth fully herein.

44. The Nike Trademarks have acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Nike. The purchasing public is likely to attribute to Nike the use by Defendants of the Nike Trademarks or any of them, as a source of origin, authorization and/or sponsorship for Defendants' goods and therefore to purchase such goods based upon that erroneous belief.

45. Nike is informed and believes, and upon that basis alleges, that Defendants have intentionally appropriated the Nike trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off such goods as those of

Nike and, as such, Defendants has committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

46. Defendants' appropriation, adoption and use of one or more of the Nike Trademarks, including the sale and offering for sale of infringing shoes bearing or using one or more of the Nike Trademarks in connection with the provision of goods is likely to cause confusion between Defendants' infringing product and the goods authorized and licensed by the Nike, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

47. Nike is informed and believes, and upon that basis alleges, that these deceptive, unfair and fraudulent practices have been undertaken with knowledge by Defendants of their wrongfulness. Nike is informed and believes, and upon that basis alleges, that Defendants' use of Nike's trademarks is for the willful and calculated purpose of misappropriating Plaintiffs' goodwill and business reputation, at Nike's expense and at no expense to Defendants. By taking one or more of the Nike Trademarks, Nike has been deprived of an opportunity to conduct business using its trademarks and deprived of the right to control the use of its trademarks and Defendants has been unjustly enriched.

48. Nike has no adequate remedy at law and has suffered and is continuing to suffer irreparable harm and damage as a result of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

49. Nike is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Nike.

50. Nike is informed and believes, and upon that basis alleges, that Defendants have unlawfully and wrongfully derived and will continue to derive income, gains, profits and advantages as a result of their wrongful acts of unfair competition, in amounts thus far not determined but within the jurisdiction of this Court. Nike is informed and believes, and upon that basis alleges, that it has lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

51. By reason of the foregoing acts of unfair competition, Nike is entitled to restitution from Defendants of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

52. In order to determine the full extent of such damages, including such profits as may be recoverable; Nike will require an accounting from Defendants of all monies generated from the manufacture, importation, distribution and/or sale of the infringing product.

53. Nike is informed and believes, and upon that basis alleges, that Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Nike in its business and with conscious disregard for Nike's rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

### FIFTH CLAIM FOR RELIEF

**(Dilution under California Law)**

54. Nike hereby repeats and realleges the allegations set forth in paragraphs 1 through 53 above, as if set forth fully herein.

55. Nike is informed and believes, and upon that basis alleges, that Defendants' acts have caused a likelihood of injury to Nike's goodwill and business reputation, impaired the effectiveness of Nike's trademarks and diluted its distinctive trade names and trademarks.

56. Nike is informed and believes, and upon that basis alleges, that Defendants' acts violate the trademark laws of the State of California and, specifically, California Business and Professions Code, § 14330.

57. Nike has no adequate remedy at law and Defendants' conduct, if not enjoined, will continue to cause irreparable damage to Nike's rights in their trademarks, trade name, reputation and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Nike demands entry of a judgment against defendant as follows:

1) Permanent injunctive relief restraining Defendants, her officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

    a) further infringing the Nike Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Nike, including, but not limited to footwear and related merchandise, bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Nike Trademarks ("Unauthorized Products");

    b) using any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Nike Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of Unauthorized Products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Nike, or to any goods sold, manufactured, sponsored or approved by, or connected with Nike;

    c)    making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by defendant are in any manner associated or connected with Nike, or are sold, manufactured, licensed, sponsored, approved or authorized by Nike;

    d)    engaging in any other activity constituting unfair competition with Nike, or constituting an infringement of any of Nike's trademarks or of Nike's rights in, or to use or to exploit, said trademarks, or constituting any dilution of any of Nike's names, reputations, or good will;

    e)    effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (d);

    f)    secreting, destroying, altering, removing or otherwise dealing with the Unauthorized Products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting or displaying of all unauthorized products which infringe any of Nike's trademarks; and

    g)    aiding, abetting, contributing to or otherwise assisting anyone from infringing upon Nike's trademarks.

2)    Directing that Defendants deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing

any of the Nike Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

3) Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by defendant are authorized by Nike, or related in any way to Nike's products.

4) That Nike be awarded from Defendants, as a result of Defendants' sale of Unauthorized Products bearing the Nike Trademarks, three times Nike's damages there from and three times of each of Defendants' profits there from, after an accounting, or, in the alternative, statutory damages, should Nike opt for such relief, consisting of One Million Dollars ($1,000,000.00) for each of the Nike Trademarks infringed upon by each of the Defendants, pursuant to 15 U.S.C. § 1114 and § 1117.

5) That Nike be awarded from Defendants three times Nike's damages there from and three times Defendants' profits there from, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

6) That Nike be awarded its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117.

7) That Nike be awarded punitive damages for Defendants' willful acts of unfair competition under California law.

///
///
///
///

8)     That Nike be awarded its costs in bringing this action.

9)     That Nike have such other and further relief that this Court deems just.

Dated: October 31, 2007      J. Andrew Coombs, A Professional Corp.

By: J. Andrew Coombs
Annie S. Wang
Attorneys for Nike, Inc.

Nike v. Wofford: Complaint      - 15 -

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Nike Inc. hereby demands a trial by jury of all issues so triable.

DATED: October 31, 2007            J. Andrew Coombs, A Professional Corp.

By: _____
J. Andrew Coombs
Annie S. Wang
Attorneys for Nike, Inc.

# EXHIBIT A

Nike Registrations for Footwear
International Class 25

| Trademark | Registration Number | Registration Date |
|---|---|---|
| AIR-SOLE | 1,145,812 | January 13, 1981 |
| SWOOSH | 1,200,529 | July 6, 1982 |
| NIKE | 1,214,930 | November 2, 1982 |
| Nike® and Swoosh® Design | 1,237,469 | May 10, 1983 |
| Nike® | 1,277,066 | May 8, 1984 |
| Swoosh® Design | 1,284,385 | July 3, 1984 |
| NIKE AIR w/Swoosh device | 1,284,386 | July 3, 1984 |
| NIKE AIR | 1,307,123 | November 27, 1984 |
| Air Jordan® | 1,370,283 | November 12, 1985 |
| Swoosh device on shoe | 1,323,342 | March 5, 1985 |
| Swoosh device | 1,323,343 | March 5, 1985 |
| NIKE w/Swoosh device | 1,325,938 | March 19, 1985 |
| AIR JORDAN | 1,370,283 | November 12, 1985 |
| AIR MAX | 1,508,348 | October 11, 1988 |
| AIR TRAINER | 1,508,360 | October 11, 1988 |
| Jump Man device | 1,558,100 | September 26, 1989 |
| Nike Air® | 1,571,066 | December 12, 1989 |
| AIR SKYLON | 1,665,479 | November 19, 1991 |
| AIR SOLO FLIGHT | 1,668,590 | December 17, 1991 |
| AIR FLIGHT | 1,686,515 | May 12, 1992 |
| AIR DESCHUTZ | 1,735,721 | November 24, 1992 |
| Jump Man device | 1,742,019 | December 22, 1992 |
| AIR TRAINER MAX | 1,789,463 | August 24, 1993 |
| AIRMAX in oval | 2,030,750 | January 14, 1997 |
| AIR UPTEMPO in crest | 2,032,582 | January 21, 1997 |
| AIR with Swoosh device | 2,068,075 | June 3, 1997 |
| NIKE with Swoosh device | 2,104,329 | October 7, 1997 |
| ACG NIKE in triangle | 2,117,273 | December 2, 1997 |
| Nike® | 2,196,735 | October 13, 1998 |
| Nike® and Swoosh® Design | 2,209,815 | December 8, 1998 |
| Stylized "B" | 2,476,882 | August 14, 2001 |
| NIKE ALPHA PROJECT as device | 2,517,735 | December 11, 2001 |
| WAFFLE RACER | 2,652,318 | November 19, 2002 |
| PHYLITE | 2,657,832 | December 10, 2002 |
| TRUNNER | 2,663,568 | December 17, 2002 |
| DRI-STAR | 2,691,476 | February 25, 2003 |
| PRESTO | 2,716,140 | May 13, 2003 |
| TRIAX | 2,810,679 | February 3, 2004 |
| WAFFLE TRAINER | 2,893,674 | October 12, 2004 |

Nike v. Wofford: Complaint                - 17 -

Case 5:07-cv-05606-JF    Document 1    Filed 11/05/2007    Page 18 of 18

| | | |
|---|---|---|
| THERMA-STAR | 2,960,844 | June 7, 2005 |
| NIKE SHOX | 2,970,902 | July 19, 2005 |
| STARTER | 2,971,216 | July 19, 2005 |
| Basketball player outline | 2,977,850 | July 26, 2005 |
| NIKEFREE | 3,087,455 | May 2, 2006 |

Nike v. Wofford: Complaint

- 18 -